The State of Ohio, Appellee, v. Montalvo, Appellant.

[Cite as State v. Montalvo (1974), 47 Ohio App. 2d 296.]

(No. 74 C. A. 20—Decided October 9, 1974.)

*Mr. Vincent E. Gilmartin*, prosecuting attorney, and *Mr. John A. Kicz*, for appellee.

*Mr. Tromas E. Zena*, for appellant.

Donofrio, J. This is an appeal from the Court of Common Pleas of Mahoning County. Defendant was found guilty by a jury on four counts: abduction for immoral purposes, a violation of R. C. 2901.31; rape, a violation of R. C. 2905.-01; sodomy, a violation of R. C. 2905.44; and robbery, a violation of R. C. 2901.12.

Defendant lists two assignments of error. The first assignment of error states as follows:

"The jury view permitted by the court in light of the facts of the case at bar constituted an abuse of discretion and directly prejudiced the defendant."

Defendant argues that the jury view was permitted by the court during the daylight hours; that the occurrence took place in the night, although there is evidence that mercury lights were present in the area; that the identity of the defendant was a crucial issue of the defense; and that an alibi had been filed before the time of trial.

Defendant further argues that there was no need for the "jury view," considering the potential dangers of the same, and in addition the state had photographs of the scene and conditions existing which were taken a short time after the occurrence, and these were used in the testimony and made a part of the evidence.

R. C. 2945.16 states as follows:

"When it is proper for the jurors to have a view of the place at which a material fact occurred, the trial court may order them to be conducted in a body, under the charge of the sheriff or other officer, to such place, which shall be shown to them by a person designated by the court. * * *"

The question of a "jury view" is within the discretion of the trial court and a decision regarding such will not be disturbed on appeal unless an abuse of discretion is established. In *Calloway* v. *Maxwell, Warden*, 2 Ohio St. 2d 128, it is stated:

"The determination as to whether the jury should view the premises where the crime occurred lies within the sound discretion of the trial court." (Page 128.)

Obviously, the facts in each particular case will determine whether the court abused its discretion. 3 Ohio Jurisprudence 2d 715, Appellate Review, Section 746, states:

"It is difficult to define exactly what is meant by 'abuse of discretion, and practically impossible to lay down any general rule as to what it consists of, since it depends upon the facts in each particular case. As the term is ordinarily used, it has been said to imply not merely an error in judgment, but perversity of will, passion or moral delinquency. But whatever the term implies, one of the essentials, in order for the action of the court below to constitute reversible error, is that its action must plainly appear to effect an injustice to one of the parties."

We find nothing arbitrary in the court's explanation of the purpose of a "jury view," nor do we find a situation which indicates that the defendants have been prejudiced. We hold that there was no abuse of discretion by the court, and, therefore, overrule defendant's first assignment of error.

Defendant's second assignment of error states as follows:

"The rebuttal testimony of the state of Ohio should have been excluded as a matter of law as it was in direct violation of the rules of criminal procedure and directly prejudiced the rights of defendant.

"A. The rebuttal testimony offered by the state was properly discoverable but not made available to defendant despite proper pretrial motions."

Regarding this assignment, the defendant alleges that the state failed to provide him with full discovery. In particular, he alleges that Crim. R. 16 was not complied with by the prosecution. It reads, in part, as follows:

"(1) Information subject to disclosure.

"(a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney: * * *

"(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer * * *."

The determination of this assignment of error depends on the interpretation of the rule "written summaries of any oral statement, or copies thereof, made by the defendant * * *." The facts of this case as determined by a reading of the record indicate that defendant, through counsel prior to the trial, filed a timely pretrial motion and request for discovery pursuant to Crim. R. 16. Defendant had given a notice of alibi and at the time of trial testified that he was at a friend's house at 95½ Monroe Street in Campbell, Ohio. Two other defense witnesses testified to the same in support of his alibi. The state on rebuttal offered detective Emile Nemeth, of the Youngstown Police Department, who was also assigned to investigate the case, and who testified that he talked to the defendant in the police station regarding the rape the defendant was subsequently charged with, and that defendant told Nemeth that on the night of

the alleged crimes he was at a Puerto Rican club in Campbell, Ohio. Nemeth testified:

"A. The story that he told me at that time was that he had been working until 11 o'clock at the gas station at the corner of 5th and Scott; and at that time he says he borrowed his boss' car and he went over to his uncle's house on the East Side of Youngstown there—I believe it's on Bruce Street, or Truesdale; and then he left his uncle's house when there was nothing doing there, and he went down to Campbell and there is a Puerto Rican club that he hangs around there in Campbell; and he stated that he went and spent the rest of the evening at the club until it was time to go home, and he went to bed.

"Q. This is the statement that he gave you at that time. Was this oral, or written?

"A. It was oral."

Upon cross-examination by defense counsel, detective Nemeth was asked whether he had made notes of the statement. His answer was that he had not, and upon re-direct examination his explanation of why he did not make notes was that:

"There was nothing that was stated, that was said, that led to another person that could have checked out as far as some subject involved in the rape, and there was nothing that appeared to assist or help in the case."

The testimony of detective Nemeth contradicted the testimony of defendant and defendant's attempt to establish an alibi. Defendant argues that the spirit and intent of Crim. R. 16 is to encourage full discovery by the parties and that the fact situation of the instant case indicates that the oral statement of the defendant should have been covered by Crim. R. 16. Defendant argues that the prosecution having failed to disclose the oral statement did not comply with Crim. R. 16 and thereby prejudiced the defendant.

No Ohio cases have been brought to our attention, nor do we find any that interprets Crim. R. 16(B)(1)(a)(ii). Looking to the Federal Rules of Criminal Procedure, headnote 19 of *United States* v. *Dioguardi* (S. D. N. Y.), 332 F. Supp. 7, states:

"Rule relating to discovery and inspection does not

contemplate discovery of oral and unrecorded statements. Fed. Rules Crim. Proc. rule 16, 18 U. S. C. A.''

Headnote 27 of *United States* v. *Dioguardi,* states: ''Oral statements are not discoverable under Rule 16. Fed. Rules. Crim. Proc. rule 16, 18 U. S. C. A.''

Fed. R. Crim. P. 16 is specifically limited to written or recorded statements made by defendant. See *United States* v. *Edwards* (S. D. N. Y.), 42 F. R. D. 605; and *United States* v. *Dorfman* (S. D. N. Y.), 53 F. R. D. 477.

We hold that the oral statement given to detective Nemeth by the defendant is not covered by Crim. R. 16 (B)(1) (a)(ii), under ''written summaries of any oral statement, or copies thereof''. We, therefore, overrule defendant's second assignment of error.

Having found no error prejudicial to the defendant, we affirm the judgment of the lower court.

*Judgment affirmed.*

LYNCH, P. J., and O'NEILL, J., concur.