OPINION
The State of Ohio appeals the decision of the Youngstown Municipal Court which granted defendant-appellee Tracie Sauceman's motion to dismiss her criminal charge. For the following reasons, the trial court's judgment is reversed, and this cause is remanded for further proceedings.
 STATEMENT OF FACTS
On May 9, 1999, appellee was arrested by a state liquor enforcement agent for violating R.C. 4301.22 which prohibits selling alcohol on Sunday without a permit, a fourth degree misdemeanor. That same day, she posted bond and was released. When she arrived at court for her initial appearance with her attorney the next morning, she was informed that the arresting agent had not yet filed a complaint to initiate the charge. Hence, the initial appearance was continued.
On May 13, 1999, the agent filed the complaint against appellee who appeared that day with her attorney for the rescheduled initial appearance. Upon arrival in court, appellee sought dismissal of the charge with prejudice on the grounds that the state violated Crim.R. 4(E)(2), which requires an officer who arrests a person without a warrant to bring the arrestee without unnecessary delay before the court and to file a complaint. The court granted appellee's motion and thereby dismissed the case over the state's objections.[1] The state filed timely notice of appeal under R.C. 2945.67 which permits the state to appeal any decision granting a motion to dismiss the complaint.
 ASSIGNMENT OF ERROR
In its sole assignment of error, the state argues that the court erred in dismissing the charge against appellee because the failure to timely bring a defendant before the court does not affect the ability of the state to try the defendant. Appellee counters that rescheduling her initial appearance from Monday to Thursday and failing to file a complaint against her until Thursday constituted unnecessary delay and required dismissal of the charge against her, likening the remedy to that of a speedy trial violation.
 APPLICABLE LAW
Crim.R. 4(E)(2) states that when a person is arrested without a warrant, the arresting officer shall bring the arrested person without unnecessary delay before the court and shall file or cause to be filed a complaint describing the offense. See, also, R.C.2935.05. This rule does not contain a provision requiring dismissal of the charge in cases of violation as do the speedy trial statutes. See R.C. 2945.73 (explicitly requiring dismissal of the charges for a speedy trial violation); R.C. 2935.05 and Crim.R. 4(E)(2) (lacking the requirement of dismissal); State v.Wright (Feb. 22, 1988), Darke App. No. 1189, unreported, 2.
Without addressing the question of whether a two and one-half day delay was unnecessary, the Ohio Supreme Court has stated that A mere delay of an accused for a period of time before he is taken before a magistrate and charged does not constitute an infringement of his constitutional right so as to invalidate his subsequent conviction." Henderson v. Maxwell (1964), 176 Ohio St. 187,188 (denying a habeas petition). The court noted that the only basis on which restraint during delay could affect the validity of the conviction would be if a coerced confession occurred during the delay. Id. (stating that pre-initial appearance restraint only comes into question when a coerced confession is procured during this restraint).
Henderson was reaffirmed in Thurston v. Maxwell (1965),3 Ohio St.2d 92, where the Court stated that regardless of any undue delay between the arrest and the initial appearance, the defendant made no incriminating statements. The Court held that something must occur during the delay which actually prejudiced the defendant's criminal case. Id. at 94. These holdings were further upheld in State v. Cowans (1967), 10 Ohio St.2d 96, and State v.Hill (1992), 64 Ohio St.3d 313 (holding, A[e]ven if we were to find that the alleged delay was unnecessary and violated the statute, the statutory violation would not compel suppression of the statements in the absence of any constitutional infringement"). Cf. State v. Whiting (1998), 84 Ohio St.3d 215
(where the Court in a preindictment delay case held that the defendant must show unjustifiable delay and actual prejudice).
This court has also held that the failure to comply with Crim.R. 4(E)(2) or R.C. 2935.05 does not invalidate a subsequent conviction. State v. Sampson (1982), 4 Ohio App.3d 287, 288. See, also, State v. Johnson (Mar. 27, 1981), Belmont App. No. 80B8, unreported, 4 (stating that a detention with unnecessary delay prior to the filing of a complaint is not condoned but will be tolerated where there is no exploitation of the detention). Although we have previously inquired into the concept of unnecessary delay, we only reached this inquiry in cases where the defendant sought suppression of incriminating statements or identification made during the delay. Id.; State v. Blackmon
(Sept. 27, 1982), Mahoning App. No. 81CA13, unreported, 2-3;State v. Austin (Apr. 16, 1981), Mahoning App. No. 80CA81, unreported, 3 (stating that if the issue of unnecessary delay arises in a motion to suppress, each case should be determined on a case-by-case basis).
 ANALYSIS
The aforementioned cases involved defendants who were incarcerated during the delay, whereas appellee posted bond and was released after booking. Since she was not in detention during the Monday to Thursday delay, she is even less affected than the incarcerated defendants above. The case at hand is not one where the defendant made incriminating statements or was identified in a line-up during the delay. Nor is there an allegation that defense evidence dissipated during the Monday to Thursday delay which could not be collected due to a lack of awareness of the nature of the charge. In fact, appellee did not even allege the existence of prejudice to her defense as a result of the delay between her arrest and initial appearance, and we cannot fathom how prejudice could have arisen between Monday and Thursday in a case such as this one. Appellee was arrested after allegedly selling alcohol on a Sunday at a bar that lacked a Sunday permit. After being booked, she posted bond for the fourth degree misdemeanor. It is highly unlikely that this bail money would have been returned at the initial appearance. Moreover, her attorney admits that he told the state on Monday that he could not return to court on appellee's behalf until Thursday at the earliest. (Appellee's Brief at 1). It is reasonable to assume that the initial appearance and the filing of the complaint could have occurred on Tuesday if appellee's attorney did not have a scheduling conflict. Hence, at least part of the delay was consensual.
The case law clearly states that an unnecessary delay will not per se invalidate a conviction. Appellee contends that cases which refuse to invalidate a conviction that has already been rendered are different than her case where the court dismissed her charge prior to trial. However, we disagree. Crim.R. 4(E)(2) does not require dismissal of the charges in all cases of delay, even where the delay is unnecessary. Upon proper showing of prejudice in the form of a constitutional infringement, suppression of an incriminating statement or an identification may be an available remedy. Hill, 64 Ohio St.3d at 321. However, none of those factors are at issue in the present case. Dismissal may possibly be proper where evidence of an obviously transitory nature was lost as a result of an unnecessary delay in a case where the defendant is unaware of the reason for arrest and thus could not direct the collection of favorable evidence. However, in the present case, where not one indication or allegation of prejudice existed, dismissal was not an option for the court. Accordingly, the trial court erred when it dismissed the charge against appellee.
For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
 ______________________ VUKOVICH, J.
Cox, P.J., dissents; see dissenting opinion.
Waite, J., concurs.
[1] Because the court granted appellee's motion which was phrased as a motion to dismiss with prejudice, we proceed under the assumption that the court dismissed the charge with prejudice. This is distinguishable from a dismissal without prejudice which would have allowed the state to initiate further criminal proceedings without fear of a double jeopardy violation. See State v. Bonarrigo (1980), 62 Ohio St.2d 7, 12.