JOURNAL ENTRY and OPINION.
{¶ 1} Appellant Denver Barry ("Barry") appeals his conviction following a jury trial for failure to obtain a permit before installing a driveway. We find no merit to this appeal and affirm.
 {¶ 2} Barry was the owner of the property located at 1592 Lander Road in Mayfield Heights. The City of Mayfield Heights ("City") filed a complaint against him on March 14, 2002, citing three separate violations concerning his property: (1) "driveway installed is not surfaced with asphalt or concrete"; (2) "driveway installed extends beyond the original plan"; and (3) "driveway was installed without a building permit" pursuant to Mayfield Heights Codified Ordinance ("M.H.C.O.") 1389.03.
 {¶ 3} The citations stemmed from the construction of an alleged circular driveway, consisting of gravel, connecting the property located at 1592 Lander Road with the adjacent property at 1586 Lander Road. The adjacent property was occupied by Barry's daughter.
 {¶ 4} Preceding the complaint, the City had notified Barry on two earlier occasions concerning his purported noncompliance. First, the City's building director, Sheldon Socoloff, contacted Barry on December 19, 2001 and issued a "Stop-Work Order" based on what the City deemed as the construction of a driveway. Socoloff advised Barry it was necessary for him to first obtain a permit. At that time, Barry told Socoloff that the construction was for landscaping and not a driveway.
 {¶ 5} Next, the City notified Barry by letter on January 3, 2002, again advising him that his property was noncompliant with the City's Code. Specifically, the City stated that Barry needed to "remove non-approved driveway in front yard area, and discontinue parking of motor vehicles, and restore front yard landscaping" and to do so by February 5, 2002.
 {¶ 6} Barry never contacted the City after receipt of the letter. However, he placed a sign in the front yard stating, "Please Do Not Drive on Walkway." Nevertheless, motor vehicles continued to park and drive on the area.
 {¶ 7} The jury found Barry guilty of only one charge, failure to obtain a permit, during the 90-day period from December 19, 2001 through March 19, 2002. The trial court fined him $2,250 but granted a stay pending appeal. Barry raises four assignments of error on appeal.
 Scope of M.H.C.O. 1389.03 {¶ 8} In his first assignment of error, Barry argues for the first time on appeal that his conviction must be reversed because M.H.C.O. 1389.03(b) applied only to property being "occupied." He argues that he did not occupy the property and therefore, he cannot be found in violation of M.H.C.O. 1389.03(b).
 {¶ 9} However, Barry has waived his right to raise this argument based on his failure to present it at the trial level. State v. Smith
(1997), 80 Ohio St.3d 89, 107. A defendant's failure to raise an issue at the trial court level acts as a waiver of the issue on appeal except for plain error. Id. Even if Barry had properly raised and preserved the issue, we find no merit to his argument.
 {¶ 10} M.H.C.O. 1389.03(b) provides:
"Paving; Exterior Property Areas.
 (b) With respect to the installation, replacement or repair ofdriveways, it is the responsibility of the property owner to obtain apermit from the Building Department to install, replace or repair adriveway. Along with the permit application, the owner shall submitpayment of a permit fee, as is set forth in Section 1335.05."
 {¶ 11} Barry argues that the ordinance is contained within the chapter "Basic Standards for Residential Occupancy" and, therefore, it applies only to residents who occupy the property. Because he was not living at the property and the property was under construction, Barry contends that he was not in violation of the ordinance.
 {¶ 12} From a plain reading of the ordinance, we disagree. When a statute is clear and unambiguous, a reviewing court need only to apply the statute without resorting to statutory interpretation. Symmes Twp.Bd. of Trustees v. Smyth (2000), 87 Ohio St.3d 549, 553, citing Meeks v.Papadopulos (1980), 62 Ohio St.2d 187, 190. Here, the language of the ordinance clearly states that a property owner shall obtain a permit before installing a driveway. There is no requirement within the ordinance that Barry "occupy" the property; rather, ownership is sufficient.
 {¶ 13} Within his first assignment of error, Barry also argues that the trial court erred in its jury instruction for the definition of "driveway." Again, Barry failed to raise a timely objection at trial and, in fact, consented to the use of the definition provided to the jury.
 {¶ 14} Crim.R. 30(A) provides that a party may not assign as error on appeal, the giving or failure to give any instructions, unless the party objects before the jury retires and the party specifically states the matter objected to and the grounds for the objection. Failure to request specific instructions or object to those given waives all but plain error. State v. Coley (2001), 93 Ohio St.3d 253, 266.
 {¶ 15} Considering Barry consented to the definition, and the definition used is an accepted meaning of the word "driveway," we find no plain error.
 {¶ 16} Accordingly, Barry's first assignment of error is overruled.
 Manifest Weight of Evidence {¶ 17} In his second assignment of error, Barry contends that the jury's verdict is against the manifest weight of the evidence because the evidence overwhelmingly demonstrates that Barry never installed a driveway.
 {¶ 18} The standard of review for a manifest weight challenge is summarized in State v. Martin (1983), 20 Ohio App.3d 172, as follows:
"* * * The court, reviewing the entire record, weighs the evidence andall reasonable inferences, considers the credibility of witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered. Thediscretionary power to grant a new trial should be exercised only in theexceptional case in which the evidence weighs heavily against theconviction." (Citations omitted.)
 {¶ 19} The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. The power to reverse a judgment of conviction as against the manifest weight of the evidence must be exercised with caution and only in the rare case in which the evidence weighs heavily against the conviction. State v. Martin, supra, at 175.
 {¶ 20} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson, Cuyahoga App. Nos. 64442/64443, 1994-Ohio-2508, adopted the following guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, syllabus:
"1) The reviewing court is not required to accept the incredible astrue;
 (2) whether the evidence is uncontradicted;
 (3) whether a witness was impeached;
 (4) what was not proved;
 (5) the certainty of the evidence;
 (6) the reliability of the evidence;
 (7) whether a witness' testimony is self-serving;
 (8) whether the evidence is vague, uncertain, conflicting orfragmentary."
 {¶ 21} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v.Eley (1978), 56 Ohio St.2d 169.
 {¶ 22} Barry relies on his own testimony at trial in support of the argument that the "evidence is clear that he had no intention of constructing a driveway and that he had not constructed a driveway within the intended meaning of the ordinance." Barry further argues that the jury lost its way by not believing his testimony as to his landscaping intentions.
 {¶ 23} Photographs depicting cars parking on the property were admitted into evidence. Both the building director and a building inspector testified that the area was being used as a driveway. Based on the photographs and the testimony of the other witnesses, we find the jury did not lose its way. Moreover, Barry had a personal interest to advance and, therefore, his testimony may not have been as credible to the jury.
 {¶ 24} Accordingly, Barry's second assignment of error is overruled.
 Jury View {¶ 25} In his third assignment of error, Barry argues the trial court's denial of his motion for a jury view and the court's granting the City's motion in limine to limit the evidence to the time period of the citation constitutes reversible error.
 {¶ 26} At trial, Barry requested a jury view in order to demonstrate the current condition of the property. After hearing arguments on the motion, the trial court concluded that the jury view would be more prejudicial than probative. Based on the limited time period for which Barry was cited, the trial court reasoned that the condition of the property months later was irrelevant to the condition of the property at the time of the citation. Moreover, the trial court stated that Barry failed to timely file the motion and that granting the jury view presented "an inconvenience and possibly a safety hazard to the jury."
 {¶ 27} Pursuant to R.C. 2945.16, a trial court may permit a jury to view a crime scene. The granting or denial of a motion for a jury view is within the discretion of the trial court and the court's decision will only be reversed when an abuse of that discretion is established. Statev. Montalvo (1974), 47 Ohio App.2d 296.
 {¶ 28} Barry argues that the trial court's denial of the motion and instructing the jury to consider the condition of the property only during the time of the alleged violation "took away and usurped the fact finding role of the jury." Barry contends that if the jury had been allowed to view the property in its current landscaped condition, then the jury would not have found Barry in violation of any ordinance. Barry further argues that the photographs he submitted illustrated only a "work-in-progress," and the jury should have been allowed to observe the finished result.
 {¶ 29} We disagree. The trial court did not abuse its discretion by limiting the evidence to the time period set forth in the citation. What happened on the property after the citation was issued is not relevant. Moreover, the evidence included photographs of the property that aptly illustrated the condition of the property during the time of the citation.
 {¶ 30} We also find the trial court properly granted the City's motion in limine. As stated above, the condition of the property after the time period set forth in the citation was not relevant to the charges against Barry.
 {¶ 31} Accordingly, Barry's third assignment of error is overruled.
 Inconsistent Jury Verdicts {¶ 32} In his fourth assignment of error, Barry contends that his conviction must be reversed because the jury verdicts are inconsistent. Specifically, Barry claims that the jury must have been confused by the instructions or misunderstood the law if they found him guilty of failure to obtain a permit but not guilty of installing a driveway not surfaced with asphalt or concrete.
 {¶ 33} However, the Ohio Supreme Court recognizes the general rule that "consistency between verdicts on the several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others, and the conviction will generally be upheld irrespective of its rational incompatibility with the acquittal." Statev. Woodson (1985), 24 Ohio App.3d 143, quoting, State v. Adams (1978),53 Ohio St.2d 223.
 {¶ 34} Accordingly, Barry's fourth assignment of error is overruled.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., P.J. and TIMOTHY E. McMONAGLE, J. concur.