[Cite as *State v. Schneider*, 2012-Ohio-1740.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96953**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWARD SCHNEIDER

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-542767

**BEFORE:** Stewart, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 19, 2012

**ATTORNEY FOR APPELLANT**

John B. Gibbons
2000 Standard Building
1370 Ontario Street
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Brian S. Deckert
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant Edward A. Schneider appeals from the trial court's imposition of a fine of $10,000 stemming from his convictions for two counts of aggravated vehicular assault, driving while under the influence of alcohol, and failure to stop after an accident. He complains that the trial court did not consider his present and future ability to pay the fine. Schneider also appeals the overruling of his motion to suppress evidence, arguing that the trial court erred because there was no probable cause and/or exigent circumstances to support his warrantless arrest. For the following reasons, we affirm.

{¶2} After stopping to have a beer at a local bar, Schneider, while traveling home in his pickup truck on Lewis Road in North Olmsted, drifted off of the road and onto the berm and struck a bicyclist. Three witnesses observed the incident and saw the victim become airborne before landing on the side of the road. One of the witnesses stopped to render assistance and to call 911. A second witness remained at the accident scene and told the police that the driver of the pickup truck was "just flying" down the road. The third witness followed Schneider to his residence and recorded his license plate number while observing him exit and then examine his vehicle. This witness returned to the accident scene and provided the information to Officer Ralph Saxer of the Olmsted Falls Police Department.

{¶3} Officer Scott Cathcart and Detective Alex Bakos arrived at the location of the collision and, after receiving the vehicle description, license plate number, and address from Saxer, proceeded to Schneider's address to further investigate. The officer and detective pulled into the driveway and saw a pickup truck matching the description of the vehicle involved in the collision. Both observed Schneider standing inside an open and illuminated attached garage pouring a beer into a mug. Cathcart proceeded to question Schneider about his knowledge of the incident, while Bakos inspected the pickup truck for indications of damage. Schneider admitted to Cathcart that he had driven his vehicle "a bit ago." Cathcart detected a strong odor of alcohol and also observed slurred speech while questioning Schneider. Bakos discovered that the passenger side mirror of the pickup was folded inward, was cracked, and contained hair; that the vehicle contained damage behind the front passenger headlight; and Bakos noticed wipe marks through dirt on the right front area of the truck. Schneider was placed under arrest and read his *Miranda* rights.

{¶4} Schneider was transported to the Olmsted Falls police station and was questioned while being audiotaped and videotaped, but he refused to make a statement. He also would not submit to a chemical breath test.

{¶5} Schneider was declared indigent and assigned a public defender for his initial appearance in court. A cash/surety/property bond was set at $50,000, along with conditions that he have no contact with the victim and that he not drive a motor vehicle. Schneider subsequently retained counsel who filed a notice of appearance two days later.

{¶6} After the case was indicted, Schneider was again declared indigent and assigned a public defender. He pleaded not guilty to the indictment and commenced discovery. He later retracted his pleas and entered guilty pleas to aggravated vehicular assault and to driving while under the influence of alcohol or drugs. The trial court referred him to the probation department for a presentence investigation and report and set the case for sentencing.

{¶7} Schneider again retained counsel prior to the sentencing hearing and filed a motion to withdraw his previously entered guilty pleas. The trial court granted his motion and set the matter for pretrial and trial. After conducting additional discovery, Schneider filed a motion to suppress evidence and a motion in limine to exclude evidence. When his motion to suppress was denied, he withdrew his former plea of not guilty and entered pleas of no contest to the four-count indictment. The trial court found Schneider guilty on all counts and sentenced him to three years in prison, postrelease control supervision, and suspended his driver's license. The trial court also found that he was "not indigent for purposes of appeal, fine, costs and fees" before imposing a $10,000 fine.

{¶8} For his first assignment of error, Schneider complains that the trial court erred when it imposed a substantial fine without considering his present and future ability to pay.

{¶9} Trial courts exercise broad discretion when imposing financial sanctions upon a defendant, and an appellate court will review the trial court's decision under an

abuse-of-discretion standard. *State v. Weyand*, 7th Dist. No. 07-CO-40, 2008-Ohio-6360, ¶ 7. The term "abuse of discretion" involves more than an error of law or judgment but instead implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶10} A court must consider the offender's present and future ability to pay the amount of the sanction or fine before imposing a financial sanction. R.C. 2929.19(B)(5). "There are no express factors that must be taken into consideration nor specific findings that must be made by the court on the record, but there must be some evidence in the record that the trial court considered the defendant's ability to pay." *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 11 (8th Dist.)*,* citing *State v. Cosme*, 8th Dist. No. 90075, 2008-Ohio-2811, ¶ 34. A trial court abuses its discretion when it fails to inquire into a defendant's ability to pay a financial sanction. *State v. Brewer*, 3d Dist. No. 2-97-20, 1998 WL 38182 (Jan. 28, 1998).

{¶11} R.C. 2929.18 sets forth the financial sanctions that a trial court may impose upon an offender that has been convicted of a felony. For a felony of the third degree, a trial court is authorized to impose a fine of not more than $10,000. R.C. 2929.18(A)(3)(c). In the instant case, the trial court imposed the maximum fine after finding Schneider guilty of aggravated vehicular assault pursuant to R.C. 2903.08(A), a third degree felony.

{¶12} Schneider points out that the trial court did not specifically state that it considered his ability to pay the fine. Instead, he alleges that the trial court's erroneous assumption of his solvency is due to its inflated valuation of his eight-year-old, high-mileage pickup truck. Schneider claims that in reality he is fiscally destitute because he has little equity in his home, is facing a pending divorce, and has two teenage children to support while being incarcerated.

{¶13} In *State v. Andera*, 8th Dist. No. 92306, 2010-Ohio-3304, the appellant similarly argued that his present and future ability to pay was not taken into account before the imposition of a hefty fine. In that case, the trial court failed to state on the record that it had considered present and future ability to pay, and did not order or review a presentence investigation report, but instead only stated in its journal entry that "the court considered all required factors of the law." *Id.* at ¶ 52. On review, this court found that the journal entry, while merely a "cursory reference in the record," met the low statutory investigative threshold required, when taken in combination with the defendant's previous employment along with his probable ability to resume employment upon release. *Id.* at ¶ 53.

{¶14} In the instant case, the trial court had the benefit of a presentence investigation report, considered the assets that could be used by Schneider to satisfy his fine, and affirmatively stated on the record that it had considered all required factors of law. The court provided an opportunity for Schneider to demonstrate his indigence when it stated that "I feel there would be enough money to pay the fine and court costs unless

you submit to me detailed banking records which would show there is no money — that he is indigent to that extent." Ohio law does not prevent a court from imposing a fine on an indigent defendant. *State v. Ramos,* 8th Dist. No. 92357, 2009-Ohio-3064, ¶ 7. Therefore, the trial court sufficiently considered Schneider's present and future ability to pay the fine. Accordingly, his first assignment of error is overruled.

{¶15} For his second assigned error, Schneider argues that the trial court erred when it overruled his motion to suppress: (1) all testing of his coordination, sobriety, and alcohol or drug levels, (2) any oral or written statements made by Schneider, and (3) the observations and opinions of the police officers who questioned, arrested, and tested him. Schneider asserts that the evidence should be suppressed because the police did not have any lawful cause to approach and detain him and did not have probable cause to believe that he committed the offenses charged before arresting him. He contends, therefore, that any statements made outside of those necessary to facilitate his booking should not have been admitted into evidence at trial.

{¶16} Probable cause to arrest exists when a law enforcement officer has reasonably sufficient and trustworthy information to warrant a person of reasonable caution to believe that a felony has been committed and that it has been committed by the accused. *Brinegar v. U.S.*, 338 U.S. 160, 175-176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *State v. Timson*, 38 Ohio St.2d 122, 127, 311 N.E.2d 16 (1974). Substantial and credible information to supply a reasonable basis for arrest may be based upon the knowledge or observations of the arresting officer, or may be derived from a reasonably trustworthy

source.  *State v. Thompson*, 1 Ohio App.2d 533, 538, 206 N.E.2d 5 (8th Dist.1965); *State v. Sampson*, 4 Ohio App.3d 287, 288, 448 N.E.2d 467 (7th Dist.1982); *Columbus v. Lenear*, 16 Ohio App.3d 466, 468, 476 N.E.2d 1085 (10th Dist.1984).

{¶17} A warrant is not needed in order to make a valid arrest under certain circumstances.  An arresting officer must have probable cause to believe that a defendant has committed a felony, and the circumstances must make it impracticable to secure a warrant. *State v. Woodards*, 6 Ohio St.2d 14, 215 N.E.2d 568 (1966), citing *Johnson v. U.S.*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436.  *See, e.g., Columbus v. Holmes,* 107 Ohio App. 391, 397, 152 N.E.2d 301 (1958).

{¶18} When the delay associated with obtaining a warrant would result in the concealment or destruction of evidence, the exigent-circumstances exception to the Fourth Amendment's warrant requirement may apply.  *State v. Johnson*, 187 Ohio App.3d 322, 2010-Ohio-1790, 931 N.E.2d 1162, ¶ 14 ( 2d Dist.), citing *State v. Motley*, 9th Dist. No. 24182, 2008-Ohio-6937.  "Exigent circumstances exist when there is * * * a risk that a defendant's blood-alcohol content will dissipate because 'the body functions to eliminate [alcohol] from the system.'"  *U.S. v. Eagle*, 498 F.3d 885, 892 (8th Cir.2007), citing *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

{¶19} Schneider's version of events is markedly different from that of the arresting officers.  Schneider claims that after Officer Cathcart and Detective Bakos pulled into his driveway, Cathcart walked into his garage and demanded to know if he had struck

someone with his vehicle, while Bakos simultaneously scrutinized his pickup truck for exterior damage. Schneider only admitted to recently driving his vehicle. Schneider asserts that Bakos then ordered Cathcart to arrest him while he was still inside the garage, and that such a warrantless entry into his property to arrest him cannot be justified by the "hot pursuit" doctrine or any other theory of exigent circumstances. Cathcart conversely contends that he requested Schneider to exit the garage to speak to him and that the arrest was made while Schneider was standing in the driveway near his pickup truck.

{¶20} At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

{¶21} The testimony was conflicting as to the events leading up to the arrest. The trial court assessed the credibility of the witnesses and their testimony and apparently believed Cathcart's and Bakos's version of events and found that Schneider's version of events was not credible. We accept the trial court's factual findings, supported by competent and credible evidence, that Schneider's arrest took place in his driveway and not inside of his garage. However, even if Schneider's version of events surrounding his arrest are taken as true, his diminishing blood-alcohol level provided the exigent circumstances necessary to effect his immediate arrest.

{¶22} Schneider argues that there was no probable cause to arrest him because (1) there were no facts to indicate that he had driven his truck in a reckless manner, (2) the truck was examined only after he was arrested, and (3) no field sobriety tests were given to prove that he was impaired.

{¶23} Law enforcement has probable cause to arrest a suspect for driving under the influence if, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000) (superseded by statute on other grounds).

{¶24} The knowledge, observations, and credible information possessed by Cathcart and Bakos at the time they arrested Schneider were more than adequate to provide probable cause to believe that Schneider had committed the offenses of aggravated vehicular assault and failure to stop after an accident. Three independent witnesses observed a vehicle matching the description of Schneider's pickup truck strike and injure the cyclist. One witness followed the vehicle to Schneider's residence and recorded the address and license plate number. Schneider admitted to Cathcart that he had recently driven the vehicle. Bakos observed fresh damage to several locations on the right side of Schneider's pickup truck. We find that these facts were sufficient to provide probable cause that crimes had been committed by Schneider.

**{¶25}** Probable cause to arrest Schneider for driving under the influence of alcohol evolved only after Cathcart and Bakos, while possessing knowledge of the foregoing facts, interacted with Schneider. Cathcart and Bakos testified that Schneider reeked of alcohol, and was staggering, confused, and indifferent. They also testified that Schneider had slurred speech, glassy eyes, and attempted to light a cigarette that he had placed backwards in his mouth. Based upon the totality of the circumstances, probable cause, as well as exigent circumstances, were present and justified the trial court's denial of the motion to suppress. Schneider's second assignment of error is overruled.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR