[Cite as *State v. Davis*, 2014-Ohio-2052.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99976**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RONELLE D. DAVIS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED, VACATED, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-564830

**BEFORE:**   Jones, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   May 15, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Patrick J. Lavelle
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Ronelle Davis appeals the imposition of a mandatory fine, imposed after he pleaded guilty to one count of drug trafficking. For the reasons that follow, we reverse and vacate.

{¶2} In 2012, Ronelle Davis was charged in a four-count indictment with trafficking in drugs, possession of drugs, illegal conveyance into a detention facility, and possessing criminal tools. The facts that gave rise to the charges were as follows. Davis was arrested after the police observed him driving while rolling a marijuana cigarette. Once Davis entered county jail, he informed the guard that he had drugs on him; the guard recovered 27 grams of crack cocaine from Davis's underwear.

{¶3} In March 2013, Davis pleaded guilty to a single amended count of drug trafficking, in violation of R.C. 2925.03, a felony of the third degree, and agreed to forfeit a scale and $149. The trial court sentenced him to 18 months in prison and imposed a mandatory fine of $5,000.

{¶4} Davis appeals, raising the following assignment of error for our review:

I. The trial court abused its discretion in imposing a mandatory fine when the evidence demonstrated a present inability to pay the fine.

{¶5} A trial court's decision to impose a fine is reviewed for an abuse of discretion. *State v. Williams*, 8th Dist. Cuyahoga No. 92419, 2009-Ohio-5964, ¶ 5. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217,

219, 450 N.E.2d 1140 (1983).

{¶6} Pursuant to R.C. 2929.18(A)(3)(c), a trial court may impose a fine of not more than $10,000 for a third degree felony conviction. R.C. 2929.18(B)(1) requires the trial court to impose a mandatory minimum fine of one-half of the maximum fine for felony drug offenses of the first, second, or third degree. But R.C. 2929.18(B)(1) further states:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶7} Thus, imposition of the mandatory fine is required unless (1) the offender's affidavit is filed prior to sentencing, and (2) the trial court finds that the offender is an indigent person and is unable to pay the mandatory fines. *Williams* at ¶ 8, citing *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998); R.C. 2929.18(B)(1). As to the trial court's findings, "there are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Martin*, 140 Ohio App.3d 326, 338, 747 N.E.2d 318 (4th Dist.2000). Before imposing a financial sanction under R.C. 2929.18, the court must also consider the offender's present and future ability to pay the amount of the sanction or fine. *See* R.C. 2929.19(B)(6).

{¶8} In this case, Davis filed two affidavits of indigency prior to his sentencing hearing. He averred that he was unemployed, had no alternative source of income, did not own any real property, and did not have a vehicle titled in his name. The trial court rejected Davis's claim that he would not be able to pay the mandatory fine, stating "the court is not saying at this point that [Davis] is permanently unable to pay that fine."

{¶9} The state cites to *State v. Ficklin*, 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002, to support its position that the trial court correctly imposed the mandatory fine, but we find the case distinguishable. The appellant in *Ficklin* owned multiple rental properties. Although the appellant also had multiple mortgages and significant personal debt, the *Ficklin* court noted that appellant's rental properties would continue to generate income while he was in prison, some of the property he owned was not "underwater," and the appellant had been able to make recent payments on his debt. *Id.* at ¶ 23.

{¶10} Davis, on the other hand, averred that he was unemployed, had no alternative source of income, owned no real property, and did not have a car. The record further reflects that Davis must overcome other obstacles once he is released from prison in order to pay his $5,000 fine. At 23 years old, he has a felony conviction and a previous criminal record dating back to when he was a juvenile, which includes convictions for weapons and drug offenses. Prior to being sentenced on the current offense, Davis lived with his mother, who supported him, but also has a daughter. He has a ninth grade education, has not earned his GED, has a suspended drivers license, and

abused marijuana and cocaine, which he started using as a teenager. These factors, while arguably a result of his own choices, are all impediments to his obtaining gainful employment once he is released from prison.

**{¶11}** The evidence before the court was that Davis was unable and would be unable to pay the fine. We agree with the *Williams* court that "the mere possibility that an offender may be able to pay the fine in the future is not a proper basis on which to find that a defendant is not indigent." *Williams*, 8th Dist. Cuyahoga No. 92419, 2009-Ohio-5964, at ¶ 12. As the court noted, "if the fine was imposed, [the appellant] may feel compelled to return to a life of crime in order to pay the mandatory fine once he is released from prison." *Id.* at ¶ 11, fn. 1.

**{¶12}** Based on the specific facts of this case, we conclude the trial court abused its discretion in imposing a fine on Davis.

**{¶13}** The sole assignment of error is sustained.

**{¶14}** Accordingly, the part of Davis's sentence ordering him to pay a mandatory fine of $5,000 is vacated. The case is remanded to the trial court to modify the sentencing entry.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., CONCURS;
EILEEN A. GALLAGHER, J., DISSENTS
WITH SEPARATE OPINION


EILEEN A. GALLAGHER, J., DISSENTING:

**{¶15}** I respectfully dissent from my learned colleagues. I would affirm the judgment of the trial court based on this court's analysis in *State v. Ficklin*, 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002, and the Ohio Supreme Court's decision in *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998).

**{¶16}** In *Ficklin*, we held that when determining whether a defendant is "indigent and is unable to pay," the trial court is to consider both present and future ability to pay. *Id*. at ¶ 13. When considering a defendant's ability to pay, "[t]here are no express factors that must be taken into consideration nor specific findings that must be made by the court on the record, but there must be some evidence in the record that the trial court considered the defendant's ability to pay." *State v. Schneider*, 8th Dist. Cuyahoga No. 96953, 2012-Ohio-1740, ¶ 10, quoting *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 11 (8th Dist.)

**{¶17}** In the present instance Davis was 23 years old at the time of sentencing and was sentenced to only 18 months in prison. I disagree with the majority's conclusion

that an able-bodied young man is unable to obtain gainful employment such that he is unable to pay the mandatory fine. The trial court is in the best position to evaluate the totality of the circumstances regarding Davis' future ability to pay and under the present circumstances I cannot conclude that the trial court abused its discretion.