[Cite as *State v. Smith*, 2018-Ohio-4421.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106679**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**O'SHANE C. SMITH**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-614758-A

**BEFORE:** Laster Mays, J., McCormack, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 1, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender

By:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Patrick J. Lavelle
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant O'Shane C. Smith ("Smith") appeals the imposition of a mandatory fine in the amount of $15,000 assessed to him by the trial court, and asks this court to vacate the imposed fine.

**{¶2}** Smith pleaded guilty to one count of trafficking, a second-degree felony, in violation of R.C. 2925.03(A)(2); one count of possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24(A); and one count of falsification, a first-degree misdemeanor, in violation of R.C. 2923.13(A)(3).

**{¶3}** Before sentencing, Smith filed an affidavit of indigency.   In response to Smith's

affidavit, the trial court stated,

> I do have your affidavit of indigency and I acknowledge that; however, your presentence investigation report, based on your disclosure to the probation officer, indicates that you stated that your overall financial condition is good. That seems to be in conflict with your affidavit. And based on the information I have, I think you are obligated to pay the costs and expenses of the case.

(Tr. 32.) Smith was subsequently sentenced to four years in prison, and the court imposed a mandatory fine of $15,000. After a review of the record, we affirm the trial court's determination.

{¶4} Smith assigned one error for our review, arguing that,

I. The trial court abused its discretion in imposing a mandatory fine when the evidence demonstrated a present inability to pay the fine.

**Law and Analysis**

{¶5} Accordingly,

> [a] trial court has discretion when imposing financial sanctions on a defendant, even an indigent one. An appellate court will review the trial court's decision for an abuse of that discretion. *State v. Schneider*, 8th Dist. Cuyahoga No. 96953, 2012-Ohio-1740, ¶ 9, citing *State v. Weyand*, 7th Dist. Columbiana No. 07-CO-40, 2008-Ohio-6360, ¶ 7. An abuse of discretion implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*State v. Ledbetter*, 8th Dist. Cuyahoga No. 104077, 2017-Ohio-89, ¶ 15.

{¶6} Additionally,

> R.C. 2925.03(D)(1) provides for the imposition of a mandatory fine for a drug trafficking conviction. "If the violation of division (A) of this section is a felony of * * * second * * * degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent."

*Id.* at ¶ 16.

{¶7} Furthermore,

A trial court is required to impose all mandatory fines specified for a particular crime unless the court determines that the defendant is indigent. *State v. Roberts*, 2016-Ohio-7400, 72 N.E.3d 1126, ¶ 30 (8th Dist.), citing *State v. Miller*, 8th Dist. Cuyahoga No. 86505, 2006-Ohio-4752, ¶ 8. For the court to find a defendant indigent, an affidavit of indigence must be filed in accordance with R.C. 2929.18(B)(1), which provides:

If an offender alleges in an affidavit filed with the court *prior to sentencing* that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division the court shall not impose the mandatory fine imposed upon the offender. (Emphasis added.)

*State v. Davis*, 8th Dist. Cuyahoga No. 104574, 2018-Ohio-1147, ¶ 34.

**{¶8}** It is undisputed that Smith filed a timely affidavit of indigency and therefore the request was properly before the court. "[A]n offender who files an affidavit alleging that he or she is indigent and is unable to pay a mandatory fine is not automatically entitled to a waiver of that fine." *State v. Gipson*, 80 Ohio St.3d 626, 687 N.E.2d 750 (1998). Nevertheless, Smith states that he is presently indigent and being sentenced to four years in prison is further proof that he does not have the present ability to pay a mandatory fine. Smith argues that the trial court abused its discretion.

**{¶9}** Smith relies on *State v. Emrich*, 2d Dist. Clark No. 94-CA-0005, 1995 Ohio App. LEXIS 897 (Mar. 10, 1995), to show that the trial court abused its discretion when it imposed a mandatory fine. Emrich filed an affidavit of indigency before sentencing. In his affidavit, Emrich, the defendant, stated that his debts exceeded his assets, that he had rental properties but each had mortgages, and after paying his retained counsel he was unable to pay a fine. Additionally, while he was in jail he was not able to pay his bills. The trial court nevertheless imposed a mandatory fine. Furthermore, the trial court held payment of the mandatory fine in abeyance stating, "I don't know what the future might bring." *Id*. at 4. On appeal, the court

found that although the trial court did not expressly find Emrich indigent, the record reflects that the trial court had reached that conclusion. *Id*. at 5. Additionally, the court found that a separate determination of indigency must be made without considering that a defendant had obtained counsel. *Id*. at 6. "A court must also determine a defendant's ability to pay considering his financial condition at the time of sentencing." *Id*. at 7. The appellate court determined that the trial court abused its discretion by imposing a mandatory fine upon Emrich where it considered his future ability to pay. Finally, the appellate court stated that Emrich's incarceration alone amounted to his inability to pay a mandatory fine. *Id*. at 8-9.

{¶10} Smith also relies on *State v. Williams*, 8th Dist. Cuyahoga No. 92419, 2009-Ohio-5964. In *Williams*, an affidavit of indigency was filed prior to sentencing requesting waiver of the mandatory fine. At sentencing, the trial court imposed a five-year prison sentence and a mandatory fine but ordered Williams to start paying after his release from prison. Upon appeal, Williams argued that the record did not support his ability to pay the fine. *Id*. at ¶ 3. Williams stressed that in his affidavit of indigency that he had no automobile, cash on hand, income, or real estate. Williams also had unpaid medical bills and supported four children, their mothers, and his parents. *Id*. at ¶ 9. The court found "the mere possibility that an offender may be able to pay the fine in the future is not a proper basis on which to find that a defendant is not indigent." *Id*. at ¶ 12.

**{¶11}** We find that Smith's reliance on *Emrich* and *Williams* is misplaced. The record reveals that the trial court reviewed the evidence before making a determination as to Smith's ability to pay. While reviewing the presentence report, the trial court stated, "You got a reasonably nice car; in fact, a very nice car. And you've got extra money in savings and you're able to pay your obligations when they come due and you considered your financial situation good." (Tr. 28.) There was also a brief discussion regarding Smith's co-ownership of a restaurant while he lived in Jamaica. Unlike the defendants in Emrich and Williams, Smith stated that his financial status was good. Smith's assets were greater than his expenses, he was able to pay his obligations, and the trial court did not rely on his future ability to pay. The court stated:

> I do have your affidavit of indigency and I acknowledge that; however, your presentence investigation report, based on your disclosure to the probation officer, indicates that you stated that your overall financial condition is good. That seems to be in conflict with your affidavit. And based on the information I have, I think you are obligated to pay the costs and expenses of this case.

(Tr. 32.) We find that the trial court's determination was not in error where the record supports a finding that Smith could presently pay. *See, e.g., State v. Cruz*, 8th Dist. Cuyahoga No. 106098, 2018-Ohio-2052, ¶ 29-30 (when there is no record of indigency, the trial court's decision to not waive the mandatory fine is not in error).

**{¶12}** Therefore, we overrule Smith's sole assignment of error and determine that the trial court did not abuse its discretion.

**{¶13}** Judgment affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas

court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

TIM MCCORMACK, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR