[Cite as *State v. Zsigray*, 2021-Ohio-1401.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109466 |
| v. | : | |
| WILLIAM S. ZSIGRAY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED IN PART; REMANDED
**RELEASED AND JOURNALIZED:** April 22, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638567-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ayoub Dakdouk, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1}   Appellant William S. Zsigray appeals the trial court's imposition of a mandatory fine.  Upon review, we vacate the part of Zsigray's sentence ordering him to pay the mandatory fine.

**Background**

{¶ 2}   On April 15, 2019, Zsigray was indicted for trafficking in violation of R.C. 2925.03(A)(2), a felony of the first degree, with a schoolyard specification and a forfeiture specification; and drug possession in violation of R.C. 2925.11(A), a felony of the second degree, with two forfeiture specifications.  Zsigray was declared indigent and was appointed counsel.  He initially entered a plea of not guilty to the charges.

{¶ 3}   Following discovery, Zsigray entered a plea of guilty to an amended Count 2 for drug possession in violation of R.C. 2925.11(A), a felony of the third degree, with the forfeiture specifications; and Count 1 for trafficking was dismissed.  At the change-of-plea hearing, it was acknowledged that the amended charge carried a presumption in favor of prison and that there was a mandatory fine.  The trial court engaged in a Crim.R. 11 colloquy with Zsigray and found that the plea was made knowingly, intelligently, and voluntarily.  The trial court ordered a presentence investigation report ("PSI report") and set a date for sentencing.

{¶ 4}   At the sentencing hearing, the trial court indicated it had reviewed the entire case file, the PSI report, and R.C. 2911.11, 2911.12, and 2911.13.  The state deferred to the court for sentencing.

{¶ 5} Defense counsel discussed mitigating factors, including that Zsigray, who at the time of sentencing was almost 60 years old and had no prior felonies, broke his back in 2001, became addicted to pain killers, and eventually graduated to heroin. Defense counsel indicated that Zsigray had been actively participating in intensive outpatient programming since April 2019 and had tested negative on all urine screens. Defense counsel further indicated that he filed a poverty affidavit for Zsigray before the sentencing hearing, and he requested that Zsigray be placed on community control. Zsigray addressed the court and indicated he was "off the drugs now," acknowledged his mistakes, and stated he "did it for medical reason[s] to help me through my pain while I was working and so forth."

{¶ 6} Despite the presumption of a prison term, the trial court sentenced Zsigray to 36 months of community control with conditions and advised Zsigray that a violation would result in 36 months in prison. The trial court also imposed a $5,000 mandatory fine and ordered Zsigray to pay costs and fees. The court indicated that "[i]f the defendant fails to pay the costs and fees as ordered or according to an approved schedule[,] then the defendant is ordered to perform up to 40 additional hours of court community work service per month * * *."

{¶ 7} Zsigray did not object to the imposition of the mandatory fine during the sentencing hearing. However, the record reflects that Zsigray's poverty affidavit was filed the day of the sentencing hearing. Further, the PSI report, which the trial court indicated it considered, reflects that Zsigray, who is now 61, has only a tenth-grade education, had a nearly lifelong battle with drugs and alcohol, became

addicted to pain killers after suffering a broken back in 2001, and developed a heroin addiction. Further, Zsigray was last employed in 2018 and he reported no income other than $197 in food stamps. Although Zsigray owns a home valued at $50,000 and owes property taxes approximated at $2,000, the PSI report indicates that Zsigray struggles to pay his bills and is dependent on his girlfriend for financial support. Notwithstanding these circumstances, the trial court imposed the mandatory fine.

{¶ 8} In the sentencing journal entry, the trial court included the 36 months of community control with the conditions that were imposed, stated a violation of the terms and conditions may result in more restrictive sanctions or a prison term of three years as approved by law, ordered Zsigray to pay the mandatory fine in the sum of $5,000, and ordered Zsigray to pay costs.

{¶ 9} Zsigray timely filed this appeal.

**Law and Analysis**

{¶ 10} Zsigray raises two assignments of error for our review. Under his first assignment of error, Zsigray claims the trial court erred by imposing a fine because he filed a poverty affidavit and, according to Zsigray, the record demonstrates he is indigent and has no present or future ability to pay the fine.

{¶ 11} R.C. 2929.19(B)(5) provides as follows:

> Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine.

{¶ 12} R.C. 2929.18(B)(1) provides as follows:

For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶ 13} A mandatory fine under R.C. 2929.18(B)(1) must be imposed unless (1) the offender alleges in a timely filed affidavit that the offender is indigent and unable to pay the mandatory fine, and (2) the court determines the offender is indigent and unable to pay the mandatory fine. *State v. Gipson*, 80 Ohio St.3d 626, 631, 687 N.E.2d 750 (1998); *see also State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 13, limited by *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42. The filing of the requisite affidavit does not automatically entitle a defendant to a waiver of a mandatory fine. *Gipson* at 634. Nor does indigency alone. *See id.* Also, "[a] determination that a criminal defendant is indigent for purposes of receiving appointed counsel is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine." *State v. Cruz*, 8th Dist. Cuyahoga No. 106098, 2018-Ohio-2052, ¶ 28, citing *State v. Knox*, 115 Ohio App.3d 313, 317, 685 N.E.2d 304 (8th Dist.1996).

{¶ 14} "When considering whether the offender is indigent for purposes of waiving the mandatory fine, the court must consider the offender's present and

future ability to pay the fine." *State v. Gray*, 8th Dist. Cuyahoga No. 104140, 2016-Ohio-8320, ¶ 8, citing *State v. Ficklin*, 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002, ¶ 12. "[T]he burden is upon the offender to affirmatively demonstrate that he or she is indigent and is *unable to pay* the mandatory fine." (Emphasis sic.) *Gipson* at 635. "[T]he second prerequisite affords the court discretion to review the offender's circumstances and determine whether the offender is unable to pay." *Gray* at ¶ 10, citing *State v. Campbell*, 12th Dist. Warren No. CA2012-08-070, 2013-Ohio-3088, ¶ 10.

{¶ 15} Additionally, a trial court is not required to make any specific findings regarding an offender's present and future ability to pay. *Cruz* at ¶ 27, citing *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 9 (10th Dist.). Consideration of the offender's ability to pay the amount of the fine can be inferred from the trial court's use of a presentence investigation ("PSI") report, which often includes a defendant's financial and personal information. *State v. Poff*, 5th Dist. Morgan No. 20AP0005, 2021-Ohio-384, ¶ 43, citing *State v. Johnson*, 12th Dist. Butler No. CA2011-11-212, 2014-Ohio-3776, ¶ 12; *State v. McNear*, 1st Dist. Hamilton No. C-190643, 2020-Ohio-4686, ¶ 17.

{¶ 16} The record herein reflects, and Zsigray concedes, that the trial court had the PSI report at the time of sentencing along with the properly filed poverty affidavit. He argues that the trial court was aware of his indigence and the circumstances that make his indigence unlikely to change. He claims that the trial court abused its discretion by imposing the mandatory fine in this case.

{¶ 17} In *Gipson*, the Supreme Court of Ohio determined that a trial court did not err in requiring a defendant to pay a mandatory fine when the record demonstrated that the defendant appeared to be actively seeking employment at the time of sentencing, had retained private counsel, and was an able-bodied young man with employment potential. *Gipson*, 80 Ohio St.3d at 634, 687 N.E.2d 750. The Supreme Court recognized that under these circumstances, although Gipson was indigent and unemployed at the time of the sentencing hearing, "the trial court could have reasonably determined * * * he was not 'unable to pay' the mandatory fine over the course of his probation." *Id.* The fact that Gipson was placed on probation was considered along with his youth, physical stature, and ability to work in determining Gipson's ability to pay the mandatory fine over a four-year period of probation. *Id.* at 636. The Supreme Court distinguished cases where an indigent defendant had been sentenced to a term of incarceration and would be unable to pay the mandatory fine for some period of time. *Id.* at 635-636, citing *State v. Pendleton*, 104 Ohio App.3d 785, 787-788, 663 N.E.2d 395 (1st Dist.1995); *State v. Lefever*, 91 Ohio App.3d 301, 309, 632 N.E.2d 589 (2d Dist.1993); and *State v. Gutierrez*, 95 Ohio App.3d 414, 418, 642 N.E.2d 674 (9th Dist.1994). However, as the Supreme Court stated in *Gipson*, the General Assembly did not intend to preclude a trial court from imposing fines "on able-bodied defendants who are fully capable of work but who happen to be indigent and unemployed at the moment of sentencing." *Id.* at 636. For purposes of R.C. 2925.29.18(B)(1), "whether an offender is indigent *and* is

unable to pay the mandatory fine can (and should) encompass future ability to pay." (Emphasis sic.) *Id.*

{¶ 18} In this case, there is no dispute that Zsigray filed an affidavit prior to sentencing that alleged he is indigent and unable to pay the mandatory fine. Zsigray claims the trial court erred by imposing the mandatory fine because at the time of sentencing he had no ability to pay a $5,000 fine and he has almost no chance of being able to pay the fine in the future. He argues that the presentence investigation report demonstrates that he is a 61-year-old recovering drug addict who broke his back in 2001, he has only a tenth-grade education, he is not employed or collecting unemployment, and he now has a felony record.

{¶ 19} In support of his argument, Zsigray cites to *State v. Davis*, 8th Dist. Cuyahoga No. 99976, 2014-Ohio-2052, wherein a panel of this court determined that a trial court abused its discretion in imposing a mandatory fine under circumstances where the defendant, although only 23 years old, was unemployed, had no alternative source of income, owned no real property, did not own a vehicle, and had impediments to obtaining gainful employment once released from prison, including a felony conviction and a previous record dating back to when he was a juvenile, a ninth-grade education, and a suspended driver's license. *Id.* at ¶ 10. Under the particular circumstances of that case, it was determined that the mere possibility that the offender might be able to pay the fine in the future was not a proper basis for finding the defendant was not indigent. *Id.* at ¶ 11. The court also noted concern that if a fine were imposed, the defendant might return to a life of

crime in order to pay the mandatory fine. *Id.*, citing *State v. Williams*, 8th Dist. Cuyahoga No. 92419, 2009-Ohio-5964, ¶ 12. In *Williams*, a panel of this court found it was error to impose a fine upon an indigent defendant who was sentenced to prison, had no income, no cash on hand, no real estate, and no automobile, and had financial support responsibilities. *Id.* at ¶ 9-13. Although *Davis* and *Williams* involved a defendant who was sentenced to incarceration, as opposed to a period of community control, the cases present other circumstances that are similar to this matter.

{¶ 20} Our review of the record demonstrates that the trial court was made aware that an affidavit of indigency had been filed, and the court stated it had considered the PSI report. We recognize that despite the presumption for a prison term, the trial court sentenced Zsigray to community control and imposed the mandatory fine. However, the record reflects that Zsigray affirmatively demonstrated that he is indigent and is unable to pay the mandatory fine. Unlike the able-bodied young man actively seeking employment in *Gipson*, Zsigray is much older, suffered a broken back, is unemployed, has no income, struggles to pay his bills, has a tenth-grade education, and has a felony conviction and a lengthy history with drugs and alcohol. Similar to the circumstances in *Davis* and *Williams*, imposition of the mandatory fine may compel Zsigray to return to a life of crime in order to pay the mandatory fine.

{¶ 21} Under the particular circumstances of this case, we find the trial court abused its discretion when it imposed the mandatory fine. Accordingly, we sustain the first assignment of error and vacate the mandatory fine.

{¶ 22} Under the second assignment of error, Zsigray claims he received ineffective assistance of counsel and asserts his trial counsel did not properly request the court to waive the fine.

{¶ 23} "[A]ppellate courts generally review ineffective assistance of counsel claims on a de novo basis * * *." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 53. In order to prevail on an ineffective assistance of counsel claim, the defendant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Grate*, Slip Opinion No. 2020-Ohio-5584, ¶ 49. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland* at 689. To establish prejudice, the defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 24} Zsigray argues that although his trial counsel filed the poverty affidavit prior to sentencing, he stopped short of asking the trial court to recognize Zsigray's indigence and to waive the fine. He further argues that trial counsel was

silent after the fine was imposed. He states that the failure to request a waiver more likely than not resulted in the court imposing the fine.

{¶ 25} The Supreme Court of Ohio has found that under R.C. 2929.18(B)(1) "the affidavit must be formally filed with the court prior to the filing of a journal entry reflecting the trial court's sentencing decision." *Gipson*, 80 Ohio St.3d at 632, 1998-Ohio-659, 687 N.E.2d 750. Here, trial counsel filed the affidavit on the day of the sentencing hearing and specifically notified the court of its filing. There was no deficiency in counsel's performance. *See State v. Shepard*, 8th Dist. Cuyahoga No. 95433, 2011-Ohio-2525, ¶ 15 (finding no ineffective assistance of counsel where trial counsel complied with the mandate of R.C. 2929.18(B)(1) and filed the affidavit of indigency prior to the filing of the sentencing journal entry). Additionally, the record reflects that the trial court was aware the affidavit had been filed and indicated it had reviewed the PSI report. Accordingly, we overrule the second assignment of error.

{¶ 26} As a final matter, the state asserts that the trial court's sentencing journal entry does not reflect the trial court's decision requiring appellant to pay the mandatory fine by cash or by performing community service. As correctly observed by Zsigray, at the sentencing hearing the trial court only mentioned "costs and fees" in detailing how community work service would be applied to unpaid balances. The language used by the trial court was consistent with R.C. 2947.23(A)(1)(a)(i), which permits a court to order a defendant to perform community service when a defendant fails to pay a judgment for the costs of prosecution. Nothing was stated

on the record or in the sentencing journal entry about applying community work service to the mandatory fine. In any event, we are vacating the imposition of the mandatory fine.

{¶ 27} In conclusion, the part of Zsigray's sentence ordering him to pay the mandatory fine of $5,000 is vacated. The case is remanded to the trial court to modify the sentencing entry.

{¶ 28} Judgment vacated in part; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
EILEEN A. GALLAGHER, J., CONCUR