[Cite as *State v. Terrell*, 2026-Ohio-652.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

v.                                      :

CHARLES TERRELL,                        :

    Defendant-Appellant.             :

Nos. 114674, 114903 and 115693

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** February 26, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-676159-A and CR-23-687332-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and, John T. Dowling, Assistant Prosecuting Attorney, *for appellee*.

Goldberg Dowell and Associates LLC and Adam Parker, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Charles Terrell ("Terrell") appeals the imposition of $40,000 in fines after being convicted of aggravated robbery and other charges.[1] For the reasons that follow, we vacate the fines.

**Factual and Procedural History**

{¶ 2} In December 2023, a grand jury was convened and indicted Terrell on 32 counts, including 11 counts of aggravated robbery (Counts 1, 3-6, 8, 10, 12, 15, 18, and 21); 14 counts of kidnapping (Counts 2, 7, 9, 11, 13-14, 16-17, 19-20, and 22-25); five counts of having weapons while under disability (Counts 26-30); one count of tampering with evidence (Count 31); and one count of obstructing official business (Count 32). Each of the first 25 counts included one- and three-year firearm specifications. The State alleged that Terrell committed ten aggravated robberies at convenience stores between September and November 2023 and, in the course of that conduct, kidnapped 14 separate victims while displaying a firearm.[2] In addition, Terrell was on community-control sanctions for attempted domestic violence, a felony of the fifth degree, that he pleaded guilty to in June 2023.

{¶ 3} In October 2024, the parties entered into a plea agreement. In exchange for a guilty plea to 10 counts of aggravated robbery (Counts 1, 3, 5, 6, 8, 10, 12, 15, 18, and 21); the 3-year firearm specifications attached to Counts 1 and 3; one

---

[1] Terrell also appealed a separate case involving the revocation of community-control sanctions; however, he did not raise any assignments of error for that case.

[2] A codefendant was identified in the last two robberies and is not part of this appeal.

count of having weapons while under disability (Count 26); and one count of tampering with evidence (Count 31), the State moved to dismiss the remaining charges and associated firearm specifications. Additionally, the parties agreed to a recommended sentence of 18 years in prison.

{¶ 4} After accepting the guilty plea, the trial court imposed an aggregate prison sentence of 18 to 19½ years. In addition, the trial court imposed a fine of $20,000 each on Counts 1 and 3.[3] The trial court also determined that Terrell was in violation of his community-control sanctions in the attempted-domestic-violence case and imposed a one-year sentence to run consecutively to the aggravated-robbery case. Terrell received 364 days of jail-time credit.

{¶ 5} Terrell appeals raising the following assignment of error for our review:

## Assignment of Error

The Court abused its discretion in imposing a $40,000 fine.

## Law and Analysis

{¶ 6} Terrell argues that the trial court abused its discretion by imposing the $40,000 fine because he was indigent and, given his lengthy sentence, unlikely to be able to pay the fine any time in the future. We agree.

{¶ 7} Trial courts have broad discretion in imposing a financial sanction, and courts have consistently held that appellate courts review the imposition of

---

[3] At the sentencing hearing, the trial court imposed additional fines on other counts and suspended them. However, that decision is not reflected in the sentencing entry and neither appellant nor the State has raised the issue as a challenge on appeal.

financial sanctions for an abuse of discretion. *State v. Kyle*, 2021-Ohio-3346, ¶ 7 (8th Dist.), citing *State v. Sekic*, 2011-Ohio-3978, ¶ 30 (8th Dist.); *State v. Percy*, 2021-Ohio-1876, ¶ 17 (8th Dist.)  An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary, or unconscionable." *State v. Hill*, 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley*, 2018-Ohio-16, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8} In the instant case, the trial court imposed two fines of $20,000 as permitted by R.C. 2929.18(A)(3)(a).  However, prior to imposing a fine, the trial court must consider "the offender's present and future ability to pay the amount of the sanction or fine."  R.C. 2929.19(B)(5).  There are no specific factors that a trial court must address nor specific findings that the court must place on the record to establish that it considered the offender's present and future ability to pay.  *State v. Mosby*, 2024-Ohio-5210, ¶ 64 (8th Dist.), citing *State v. Cotto*, 2019-Ohio-985, ¶ 12 (8th Dist.), and *State v. Petticrew*, 2023-Ohio-159, ¶ 19 (2d Dist.), citing *State v. Parker*, 2004-Ohio-1313, ¶ 42 (2d Dist.).  Still, "'there must be some evidence in the record that the trial court considered the defendant's ability to pay.'"  *State v. Schneider*, 2012-Ohio-1740, ¶ 10 (8th Dist.), quoting *State v. Jacobs*, 2010-Ohio-4010, ¶ 11 (8th Dist.), citing *State v. Cosme*, 2008-Ohio-2811, ¶ 34 (8th Dist.).  "Generally, a trial court complies with [the requirements of R.C. 2929.19(B)(5)] when it considers a presentence-investigation report that contains information about the offender's financial situation and his ability to pay the financial sanction." *State v. Simpson*, 2014-Ohio-4580, ¶ 21 (8th Dist.).

{¶ 9} In the instant case, the trial court considered a post-sentence-investigation report from Terrell's attempted-domestic-violence conviction that was created in 2023, a year prior to the sentencing in this case. The trial court noted that Terrell was employed as the manager of a fast-food restaurant, working six days a week, and also worked three days a week at a convenience store. The trial court further noted that Terrell reported that his financial situation was "good." However, this information was gathered prior to Terrell's arrest for this case. Terrell was arrested in December 2023 and remained in jail on a $100,000 cash/surety bond, while these charges were pending. As of sentencing in October 2024, Terrell had not worked for a year and his "good" financial situation had undoubtedly changed over the course of that year. "'A court must . . . determine a defendant's ability to pay considering his financial condition at the time of sentencing.'" *State v. Smith*, 2018-Ohio-4421, ¶ 9 (8th Dist.), quoting *State v. Emrich*, 1995 Ohio App. LEXIS 897, *7 (Mar. 10, 1995). Accordingly, we find that the trial court could not have considered Terrell's ability to pay at the time of sentencing.

{¶ 10} Moreover, with respect to Terrell's future ability to pay, the court noted that Terrell was 23 years old, had a high school diploma, would be relatively young when released, and that while in prison, he would have the ability to earn money to pay his fines. Although these factors indicate a potential to pay the fine in the future, this court has repeatedly held that when looking at mandatory fines that the *possibility* an offender could pay a fine in the future is not a proper basis to determine whether the defendant is indigent. *State v. Zsigray*, 2021-Ohio-1401,

¶ 19 (8th Dist.); *State v. Clemons*, 2015-Ohio-520, ¶ 11 (8th Dist.); *State v. Smith*, 2018-Ohio-4421, ¶ 10 (8th Dist.). Certainly, this analysis is also relevant to discretionary fines, especially in a case such as this, where the offender is sentenced up to 19½ years in prison. The income he will earn will be pennies on the dollar.[4] Finally, upon his release, his earning capacity will be challenged by his criminal record.

{¶ 11} Importantly, in *State v. Williams*, 2009-Ohio-5964 (8th Dist.), we found that the trial court abused its discretion when it imposed a fine where the record established the defendant had "no income, no cash on hand, no real estate, and no automobile." *Id.* at ¶ 9. Further, the defendant was responsible for supporting his four children, their four mothers, and his parents, plus he had unpaid medical bills. Additionally, Williams had to serve five years in prison. In that situation, the defendant filed the required affidavit of indigency to have the mandatory fine waived. Consequently, we found the trial court abused its discretion when it imposed a $10,000 fine.

{¶ 12} Similarly, in *State v. Davis*, 2014-Ohio-2052 (8th Dist.), the defendant filed an affidavit of indigency, which alleged that he was unemployed, did not have an alternative source of income, owned no real property, and had no automobile licensed in his name. The record also reflected that he lived with his mother, had a daughter, had a ninth-grade education, a prior felony conviction as a

---

    4 *See* Admin.Code 5120-3-08, establishing inmate income of $0/month for category 1 inmates, to $12-26 per month for category 6 inmates. Income may differ depending on the type of institution.

juvenile, a suspended license, and abused marijuana and cocaine, all factors that would impede his ability to obtain gainful employment once released from prison after his 18-month sentence. *Id.* at ¶ 10. The appellate court found that it was an abuse of discretion to impose a $5,000 fine in those circumstances.

{¶ 13} Given the foregoing and based on the unique circumstances of this case, we find that the trial court's imposition of a $40,000 fine was unreasonable where the trial court only reviewed a year-old post-sentence report and did not consider his current ability to pay. Furthermore, the probability that Terrell could pay the fine in the future was an insufficient basis to establish a future ability to pay, especially given the length of the prison term and Terrell's specific convictions. Consequently, the trial court abused its discretion when it imposed the $40,000 fine.

{¶ 14} Accordingly, the assignment of error is sustained and we vacate the fines.

{¶ 15} Judgment vacated as to the imposition of fines.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, A.J., and
SEAN C. GALLAGHER, J., CONCUR