[Cite as *State v. Earnest*, 2022-Ohio-2374.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29270 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-3032 |
| | : | |
| WILLIAM EARNEST | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of July, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} William Earnest pled guilty in the Montgomery County Court of Common Pleas to operating a vehicle while under the influence (OVI), a felony of the third degree. The trial court sentenced him to a mandatory prison term of 120 days plus five years of community control, ordered him to pay a $1,350 mandatory fine and a $250 supervision fee, suspended his driver's license for five years, and ordered the mandatory forfeiture of the vehicle involved in the offense if it were registered in Earnest's name. Earnest appeals from his conviction.

{¶ 2} Earnest's appointed counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she cannot find any meritorious issues for appeal and requesting permission to withdraw. As a potential assignment of error, counsel states that Earnest's sentence was contrary to law. Upon our independent review of the record, we agree with counsel's assessment that the appeal is frivolous. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 3} According to the presentence investigation report, at approximately 7:54 p.m. on July 26, 2019, an Ohio State Highway Patrol trooper observed a vehicle traveling 58 mph in a 40 mph zone. After following the vehicle and observing additional traffic violations, the trooper initiated a traffic stop. The trooper made contact with the driver, Earnest, and based on his observations, had Earnest perform field sobriety tests, which he failed. Earnest was transported to the Dayton patrol post. There, he refused to submit to a chemical test, but a blood sample was taken after the trooper secured a search warrant. Laboratory testing revealed that Earnest's blood had 0.195 grams by

weight of alcohol per one hundred milliliters (grams percent) of whole blood.

{¶ 4} On January 6, 2021, Earnest was indicted on four counts of OVI related to the incident: (1) a violation of R.C. 4511.19(A)(1)(f) (0.17 or more grams percent with prior felony OVI conviction); (2) a violation of R.C. 4511.19(A)(1)(a) (test refusal with prior felony OVI conviction); (3) a violation of R.C. 4511.19(A)(1)(a) (prior felony OVI conviction); and a violation of R.C. 4511.19(A)(1)(f) (0.17 or more grams percent with three or more prior OVI convictions within 10 years).   Counts 1 through 3 were felonies of the third degree; Count 4 was a fourth-degree felony.

{¶ 5} Earnest pled not guilty to the charges, and his defense counsel filed a demand for discovery.   On February 8, 2021, defense counsel filed a motion for continuance, stating that Earnest was incarcerated in the Miami County Jail on "non-specific federal offenses" and that she was working with the prosecutor, federal prosecutor, and federal defense counsel on a global resolution of the federal and state cases.   The trial court granted this continuance and an additional continuance that defense counsel requested.

{¶ 6} On April 8, 2021, Earnest pled guilty to Count 1 (R.C. 4511.19(A)(1)(f) with prior felony OVI conviction).   In exchange for the plea, the State dismissed the remaining three OVI charges.   The prosecutor asked that sentencing be delayed to coordinate with the sentencing in Earnest's federal case.   The trial court ordered a presentence investigation and tentatively scheduled sentencing for April 22, 2021.

{¶ 7} Defense counsel filed several motions to continue the sentencing date, all of which the trial court granted, and Earnest ultimately appeared for sentencing on

September 8, 2021. At that hearing, defense counsel requested the mandatory minimum sentence, whereas the State asked for "the maximum, certainly six months in regards to the prison sentence on the other case." Earnest declined to speak on his own behalf. The trial court noted that Earnest had "OVI after OVI," possession cases, and a felonious assault in 2003, and he faced significant prison time on his pending federal case (a charge of possession with intent to distribute).

{¶ 8} The trial court imposed a mandatory 120 consecutive days in prison followed by five years of community control sanctions, a $1,350 fine, a mandatory driver's license suspension of five years, mandatory forfeiture of his vehicle, and mandatory drug and alcohol treatment. The court articulated several conditions of community control and imposed a $250 supervision fee. Court costs and payment to the assigned counsel budget were waived. The trial court notified Earnest that the failure to comply with community control could result in a 36-month prison term. The trial court filed its written judgment entry on September 19, 2021.

{¶ 9} Earnest appeals from his conviction. We note that, at this juncture, Earnest has served his 120-day sentence (*see* Notice of Calculation of Sentence, May 25, 2022), and his community control has been terminated (*see* Entry, May 26, 2022).

## II. *Anders* Review

{¶ 10} Upon the filing of an *Anders* brief, an appellate court must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). "An issue is not frivolous merely because the

prosecution can be expected to present a strong argument in reply." *State v. White*, 2d Dist. Montgomery No. 28338, 2020-Ohio-5544, ¶ 14, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury,* 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue – whether presented by appellate counsel, presented by the defendant, or found through an independent analysis – is not wholly frivolous, we must reject the *Anders* brief and appoint new appellate counsel to represent the defendant. *White* at ¶ 14, citing *Marbury* at ¶ 7; *State v. Almeyda*, 2d Dist. Montgomery No. 28727, 2021-Ohio-862, ¶ 3.

*A. Plea Hearing*

**{¶ 11}** "Due process requires that a defendant's plea be knowing, intelligent, and voluntary," and compliance with Crim.R. 11(C) ensures the constitutional mandate is followed. *State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327, ¶ 8.

**{¶ 12}** Crim.R. 11(C)(2) mandates that a trial court may not accept a guilty plea without first addressing the defendant and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant

understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

In reviewing the plea colloquy, the focus should be on whether "the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 12.

{¶ 13} In general, a defendant is not entitled to have his or her plea vacated unless the defendant demonstrates he or she was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C). *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). The test for prejudice is "whether the plea would have otherwise been made." *Id.*

{¶ 14} This general rule is subject to two exceptions. *Id.* at ¶ 16. First, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Id.* at ¶ 14; *Clark* at ¶ 31. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14.

{¶ 15} Second, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. *See also State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11 (a defendant must show prejudice if the trial court partially complied with Crim.R. 11(C) in regard to a nonconstitutional right, but no showing of prejudice is required if the trial court completely failed to comply).

{¶ 16} We have reviewed the transcript of the plea hearing and find that the trial court fully complied with the requirements of Crim.R. 11. Earnest was 42 years old when he entered his plea. The trial court ascertained that he had a ninth grade education and was able to understand the plea form. Earnest stated that his plea was not due to threats or promises outside of the plea agreement.

{¶ 17} The trial court reviewed the possible sanctions that Earnest faced for a third-degree felony OVI offense, which included 120-day prison term, plus an optional prison term up to 36 months and/or community control sanctions for up to five years, a mandatory fine between $1,350 and $10,500, a class two driver's license suspension (between three years and life), a mandatory forfeiture of the vehicle involved if it were registered in his name and an additional fine if the title were assigned or transferred, and attendance at an alcohol and drug addiction treatment program. The court told Earnest that he could be required to serve three years of post-release control upon his release from prison and the consequences of violating post-release control. It further indicated that Earnest could be sentenced to 36 months in prison if he violated the conditions of

community control. The trial court asked the prosecutor to state the facts of the offense, which the prosecutor did using the language of the indictment, and Earnest stated that he understood the allegation.

{¶ 18} The trial court advised Earnest that a guilty plea is a complete admission of guilt and that he would be unable to challenge the court's pretrial rulings, and it informed him of the constitutional rights that he was waiving by pleading guilty. Earnest expressed his understanding.

{¶ 19} We conclude that the trial court fully complied with Crim.R. 11(C)'s constitutional and non-constitutional advisements. A claim that Earnest's plea was not knowing, intelligent, and voluntary would be frivolous. In addition, we find nothing in the record to suggest that anything that occurred prior to the plea hearing precluded him from entering a knowing, intelligent, and voluntary plea.

*B. Sentencing*

{¶ 20} Appellate counsel raises that Earnest's sentence potentially was contrary to law. She claims that the trial court did not consider the statutory factors under R.C. 2929.11 and R.C. 2929.12.

{¶ 21} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d

500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 22} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 23} The Ohio Supreme Court has stated that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "When reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record." *State v. McDaniel*, 2d Dist. Darke No. 2020-CA-3, 2021-Ohio-1519, ¶ 11, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29. Instead, "[w]e simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18.

{¶ 24} "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12."

(Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

**{¶ 25}** The penalties for Earnest's OVI offense are set forth in R.C. 4511.19(G)(1)(e). The trial court imposed the minimum mandatory prison term and the minimum mandatory fine. The court did not impose an optional additional prison term, but it ordered five years of intensive community control supervision, as permitted by R.C. 4511.19(G)(1)(e)(ii). As part of his community control sanctions, Earnest was required to receive a substance abuse and mental health assessment and complete any recommended treatment. He also was required to attend mandatory drug and alcohol treatment. The court imposed a five-year driver's license suspension, which was within the statutory range. The court also ordered the forfeiture of the vehicle if it were registered to Earnest. The court's sentence was consistent with the OVI statute. Any claim that the sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12 is precluded by *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. We find no arguably meritorious claim that Earnest's sentence was contrary to law.

**{¶ 26}** Moreover, Earnest has completely served his 120-day prison sentence, and he is not listed on the Ohio Department of Rehabilitation and Correction (ODRC) website, which denotes that he is not on post-release control. His community control also has been terminated. Accordingly, any errors in the court's imposition of those portions of his sentence are moot and would not present a non-frivolous issue for appeal.

### III. Conclusion

**{¶ 27}** We have reviewed the potential assignment of error raised by Earnest's appellate counsel and have performed our duty under *Anders* to conduct an independent

review of the record. After a thorough review, we have found no issues with arguable merit for Earnest to advance on appeal. Accordingly, appellate counsel's motion to withdraw is granted. The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kirsten Knight
Hon. Mary E. Montgomery