[Cite as *State v. Beal-Ragland*, 2022-Ohio-3940.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-22 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-724 |
| | : | |
| DAYQUAN BEAL-RAGLAND | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of November, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

FRANK MATHEW BATZ, Atty. Reg. No. 0093817, 126 North Philadelphia Street, Dayton, Ohio 45403
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Following plea negotiations, Dayquan Beal-Ragland pleaded guilty to aggravated trafficking in drugs, a third-degree felony, and carrying a concealed weapon (CCW), a fourth-degree felony. The trial court imposed an aggregate prison term of 54 months. Appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could not find any "viable appellate issues." We concur in counsel's assessment. As such, the judgment of the Clark County Common Pleas Court will be affirmed.

**Background**

**{¶ 2}** Beal-Ragland was indicted as follows: Count One, aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) (a second-degree felony); Count Two, aggravated possession of drugs in violation of R.C. 2925.11(A); Count Three, CCW in violation of R.C. 2923.12(A); and Count Four, possession of criminal tools in violation of R.C. 2923.24(A). Following plea negotiations, Beal-Ragland pleaded guilty to aggravated trafficking in drugs, which had been amended to a third-degree felony, and to CCW. The remaining counts were dismissed.

**{¶ 3}** Following completion of a presentence investigation report (PSI), the trial court conducted a sentencing hearing. Beal-Ragland was sentenced to a 36-month prison term for aggravated trafficking, plus a mandatory $5,000 fine, and to an 18-month prison term for CCW. The trial court ordered the sentences to be served consecutively, resulting in an aggregate 54-month prison term. This appeal followed.

**{¶ 4}** Appellate counsel was appointed to represent Beal-Ragland, and he has filed

an *Anders* brief. Beal-Ragland was notified of his right to file a pro se brief, but he has not filed such a brief.

## *Anders* Standard

{¶ 5} Prior to filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the appellant.

## *Anders* Analysis

{¶ 6} Counsel has not suggested any potential assignments of error. Consistent with our duty under *Anders*, we have reviewed the record; although we do not find any potentially meritorious appellate issues, we have considered several issues as discussed below.

{¶ 7} We first considered Beal-Ragland's guilty plea. Due process requires that a defendant's guilty plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Compliance with Crim.R. 11(C) ensures that this

constitutional mandate is achieved. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. The trial court strictly complied with the Crim.R. 11(C) requirements when taking Beal-Ragland's guilty plea. Based upon this compliance, any argument that Beal-Ragland's plea was less than knowing, intelligent, and voluntary would be frivolous.

{¶ 8} We next considered the trial court's imposition of consecutive sentences. At the sentencing hearing, the trial court made the consecutive sentencing findings required by R.C. 2929.14(C)(4), finding that consecutive service was necessary to protect the public from future crime and to punish Beal-Ragland, that consecutive service was not disproportionate to the seriousness of the conduct and the danger that Beal-Ragland poses to the public, and that Beal-Ragland's criminal history demonstrated that consecutive service is necessary to protect the public from future crime. These findings were also incorporated into the trial court's sentencing entry. When a court makes the R.C. 2929.14(C)(4) findings, an appellate court may not reverse the imposition of consecutive sentences unless it clearly and convincingly finds that the record does not support the trial court's findings. *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). This is a "very deferential standard of review." *Id.* Based upon the involved offenses and Beal-Ragland's significant criminal history, any argument that the trial court erred by imposing consecutive sentences is without potential appellate merit.

{¶ 9} Finally, we considered the trial court's imposition of a $5,000 fine. Based upon the aggravated trafficking conviction, under R.C. 2929.18(B)(1), Beal-Ragland was subject to a mandatory $5,000 fine. But the mandatory nature of the fine is mitigated by

a defendant's ability to file an affidavit asserting that he is indigent and unable to pay the fine.   If, upon the filing of such an affidavit, the trial court determines the defendant "is an indigent person and is unable to pay the mandatory fine * * * the court shall not impose the mandatory fine * * *."   R.C. 2929.18(B)(1).   Beal-Ragland timely filed a motion, supported by his affidavit, seeking waiver of the mandatory fine.   The affidavit asserted that Beal-Ragland was indigent and could not pay the mandatory fine.   The trial court overruled the motion stating as follows: "[Beal-Ragland] appear[s] to be a healthy young man * * * and there is nothing in the record to suggest that he will not be a healthy young man upon his release on or about March 14, 2026, at which time he will be one week short of thirty-one (31) years of age.   He should then be fully capable of maintaining full-time employment * * *."

{¶ 10} "Being 'indigent' and being 'unable' to pay are not the same."   *State v. Plemons*, 2d Dist. Montgomery Nos. 26434, 26435, 26436, and 26437, 2015-Ohio-2879, ¶ 7.   Being indigent refers to the defendant's present ability to pay the fine, and the 'unable to pay' language speaks to the defendant's future ability to pay the fine.   *Id.*, citing *State v. Ficklin*, 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002, ¶ 13.   It is the defendant's burden to "affirmatively demonstrate that he * * * is indigent and *unable* to pay the mandatory fine." (Emphasis sic.)   *Plemons* at ¶ 8, quoting *State v. Gipson*, 80 Ohio St.2d 626, 635, 687 N.E.2d 750 (1998).   Otherwise, the fine must be imposed.   *Id.* In coming to this determination, the trial court does not have to conduct a hearing or make any findings.   *Id.*   The appellate standard of review is the abuse of discretion standard.   *Id.*

{¶ 11} Beal-Ragland's affidavit simply stated that he is "indigent and unable to pay the mandatory fine." Neither the affidavit nor the memorandum filed in support of the motion addressed Beal-Ragland's future ability to pay the fine. Based upon Beal-Ragland's failure to discuss his future inability to pay and the trial court's findings on this issue, any argument that the trial court abused its discretion by overruling the motion is without potential appellate merit.

{¶ 12} In addition, we have reviewed the entire appellate record. This review has not revealed any potentially meritorious appellate issues.

### Conclusion

{¶ 13} Finding no non-frivolous appellate issues, counsel is permitted to withdraw, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Frank Mathew Batz
Dayquan Beal-Ragland
Hon. Douglas M. Rastatter