[Cite as *State v. Prichard*, 2023-Ohio-160.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29509 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 02171 |
| | : | |
| FRED PRICHARD | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 20, 2023

. . . . . . . . . . .

RICKY L. MURRAY, Attorney for Appellee

LUCAS W. WILDER, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Fred Prichard appeals from his conviction following a guilty plea to aggravated drug possession, a third-degree felony.

{¶ 2} Prichard contends the trial court's imposition of a mandatory fine was contrary to law and an abuse of discretion. He also alleges ineffective assistance of

counsel based on his attorney's failure to file a timely affidavit of indigence.

{¶ 3} Upon review, we see no error in the trial court's imposition of the fine. We also find no ineffective assistance of counsel where the affidavit of indigence was filed prior to the trial court's judgment entry imposing sentence. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} A grand jury indicted Prichard on felony charges of fentanyl possession and aggravated drug possession. He later pled guilty to aggravated drug possession in exchange for dismissal of the other charge. During a June 17, 2022 plea hearing, the trial court advised Prichard that he faced a mandatory fine of $5,000 to $10,000. At sentencing, which occurred the same day, the trial court followed the plea agreement and imposed a two-year prison term.

{¶ 5} Regarding the mandatory fine, defense counsel advised the trial court that he would be filing an affidavit of indigence later that day. Counsel explained that he had been appointed to represent Prichard, who was indigent. Counsel reported that Prichard had no resources to pay a fine and asked the trial court to waive it. The trial court then addressed Prichard. Noting the quantity of drugs involved, the trial court expressed its belief that he had "money somewhere." The trial court then added: "[I] don't believe that your attorney has presented to this Court an inability of future ability to pay." The trial court proceeded to impose a $5,000 fine and court costs.

{¶ 6} Following the sentencing hearing, defense counsel filed the affidavit of indigence at 3:28 p.m. on June 17, 2022. The affidavit stated that Prichard was

unemployed and essentially had no assets. It also stated that he had no ability to seek employment until after his incarceration. The trial court filed its final judgment entry imposing sentence 41 minutes later at 4:09 p.m. This appeal followed.

## II. Analysis

{¶ 7} In the first of two assignments of error, Prichard challenges the trial court's imposition of a fine. While recognizing that a trial court need not make any particular findings regarding a defendant's ability to pay a fine, he contends the trial court erred in failing even to consider his present and future ability to pay before imposing a $5,000 fine.

{¶ 8} Prichard's argument implicates R.C. 2929.18(B)(1), which provides in part: "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

{¶ 9} Setting aside the timeliness of Prichard's affidavit,[1] the trial court was required to find him "indigent" and "unable to pay" before being authorized to waive his fine. These are distinct requirements. "Indigency concerns a defendant's current financial situation, whereas an inability to pay encompasses his future financial situation as well." *State v. Plemons*, 2d Dist. Montgomery Nos. 26434, 26435, 26436, and 26437, 2015-Ohio-2879, ¶ 7, citing *State v. Gipson*, 80 Ohio St.3d 626, 636, 687 N.E.2d 750 (1998). A defendant bears the burden to demonstrate both present indigence and future inability to pay. *Id.* at ¶ 8. Absent these dual showings, a trial court is required to impose a

---

[1] We will address the timeliness of the affidavit under the second assignment of error.

mandatory fine such as the one in Prichard's case. *Id.* Moreover, "a hearing is not required on a defendant's ability to pay a mandatory fine, and a trial court need not make specific findings on the issue." *Id.*, citing *State v. Barker*, 2d Dist. Montgomery No. 26061, 2014-Ohio-3946, ¶ 15.

{¶ 10} Contrary to Prichard's argument on appeal, the trial court did consider both his present and future ability to pay a $5,000 fine. At the sentencing hearing, the trial court explicitly acknowledged defense counsel's assertions regarding Prichard's current indigent status. The trial court nevertheless found that his attorney had failed to establish a future inability to pay the fine. The affidavit submitted by Prichard also addressed his current lack of employment and assets but failed to demonstrate his future inability to pay a fine over time. Indeed, the only averment Prichard made addressing his future ability to pay was a statement that he could not seek employment until his release from prison.

{¶ 11} Because the trial court considered Prichard's present and future ability to pay the mandatory fine, which was within the authorized statutory range, the fine is not contrary to law. *See State v. Earnest*, 2d Dist. Montgomery No. 29270, 2022-Ohio-2374, ¶ 23-25 (citing the standard in R.C. 2953.08(G)(2)(b) and holding that the appellant's mandatory fine was not contrary to law).

{¶ 12} To the extent that the abuse-of-discretion standard also may remain applicable, *see State v. Beal-Ragland*, 2d Dist. Clark No. 2022-CA-22, 2022-Ohio-3940, ¶ 10 (applying abuse-of-discretion standard to trial court's determination that defendant had a future ability to pay a mandatory fine), we conclude that the record fully supports the trial court's decision. Prichard was 43 years old at the time of sentencing, and he had

completed two years of college. We note too that the trial court did not suspend his driving privileges. In light of these facts, the trial court reasonably could have believed that he would be employable and would be able to pay a $5,000 fine over time after he completed his two-year prison term. Nothing in Prichard's affidavit controverts such a determination.

{¶ 13} In opposition to our conclusion, Prichard cites *State v. Davis*, 8th Dist. Cuyahoga No. 99976, 2014-Ohio-2052. In that case, a divided panel of the Eighth District Court of Appeals reversed the imposition of a mandatory fine. The majority reasoned that "the mere possibility" of a defendant being able to pay a fine in the future was insufficient to justify imposing one. *Id.* at ¶ 11. In a later case, however, another panel of the Eighth District distanced itself from *Davis*. In *State v. Clemons*, 8th District Cuyahoga No. 101230, 2015-Ohio-520, the Eighth District questioned the reasoning of *Davis* and characterized its outcome as being "unique to the facts of that case." *Id.* at ¶ 12. We note that the defendant in *Davis* possessed only a ninth-grade education whereas Prichard has completed some college. For this reason and others discussed in *Clemons*, we are unpersuaded that *Davis* supports the waiver of Prichard's fine. The first assignment of error is overruled.

{¶ 14} In his second assignment of error, Prichard alleges ineffective assistance of counsel based on his attorney's failure to file a timely affidavit of indigence. He reasons that the trial court may have waived the fine at sentencing if it had been given an actual affidavit rather than defense counsel's representations.

{¶ 15} Prichard is correct that failure to file an affidavit of indigence may constitute ineffective assistance of counsel. The question is whether the record reflects a

reasonable probability that the trial court would have relieved the defendant of his obligation to pay if an affidavit had been filed. *State v. Fultz*, 2d Dist. Champaign No. 2018-CA-22, 2019-Ohio-2593, ¶ 20.

{¶ 16} Prichard's argument fails, however, because his affidavit was timely. The Ohio Supreme Court addressed the timeliness of an affidavit of indigence in *Gipson,* 80 Ohio St.3d 626, 636, 687 N.E.2d 750. While recognizing that R.C. 2929.18(B)(1) requires such an affidavit to be filed "prior to sentencing," the *Gipson* court interpreted that phrase "to mean that the affidavit must be formally filed with the court prior to the filing of a journal entry reflecting the trial court's sentencing decision." *Gipson* at 632. Here Prichard's affidavit of indigence was filed prior to the trial court's journal entry imposing his sentence. Therefore, the affidavit was timely under *Gipson*.

{¶ 17} Finally, even if the affidavit were untimely, we would find no ineffective assistance of counsel. Prichard's affidavit focuses on his current inability to pay based on his lack of employment and assets. As noted above, however, a trial court also must consider a defendant's future ability to pay over time. On that issue, the trial court reasonably found that Prichard had not shown an inability to pay a $5,000 fine over time after he completed his two-year prison term. Accordingly, the second assignment of error is overruled.

### III. Conclusion

{¶ 18} Having overruled both assignments of error, we affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.